UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK               x
                                            :
JOSE LUIS PEREZ, on behalf of himself and all :
others similarly situated,                  : Civ. No.
                                            :
                    Plaintiff,              : Class action and
                                            : Representative action
        -against-                           :
                                   05 CIV. 8883
NEWBURGH AUTO SPA, INC.,           ROBINSON
                                            :
                    Defendant.              :
                                            x

## COMPLAINT

### Preliminary Statement

1. This is a representative action and class action brought by Plaintiff Jose Luis Perez on behalf of himself and others similarly situated against the Defendant employer Newburgh Auto Spa, Inc. Plaintiff alleges, inter alia, violations of the Fair Labor Standards Act ("FLSA") and New York law. While employed by Defendant, Plaintiff Jose Luis Perez regularly worked more than forty hours in a work week – generally working approximately sixty hours per week – but was never paid overtime for his work.

2. In addition to failing to pay overtime to Plaintiff, Defendant also failed to pay Plaintiff his promised commission and failed to pay Plaintiff for all of the hours that he worked.

### Jurisdiction and Venue

3. The Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) (FLSA), 28 U.S.C. § 1337 (acts relating to commerce), and 28 U.S.C. § 1331

(federal question jurisdiction).

4. The Court has jurisdiction over Plaintiff's pendant state law claims under 28 U.S.C. § 1367 (supplemental jurisdiction).

5. The Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2002.

6. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) and 29 U.S.C. §1854(a). A substantial part of the events and occurrences giving rise to this action occurred within this district.

7. Defendant resides and/or does business within this district.

## Parties

8. At all times relevant to this action, Plaintiff Jose Luis Perez was employed by Defendant and resided in Orange County, New York.

9. Newburgh Auto Spa, Inc. ("Newburgh Auto Spa") is a duly registered New York State corporation which has its principal place of business in Orange County, New York.

10. At all times relevant to this action, Defendant was an "employer" of Plaintiff and others similarly situated within the meaning of the FLSA and New York Labor Law.

11. At all times relevant to this action, Plaintiff and others similarly situated were "employees" of Defendant within the meaning of the FLSA and New York Labor Law.

12. At all times relevant to this action, Defendant "employed" Plaintiff and others

similarly situated within the meaning of the FLSA and New York Labor Law.

13. At all times relevant to this action, Plaintiff and others similarly situated were manual workers within the meaning of New York Labor Law § 190.

## Factual Allegations

14. Defendant's business, situated in Orange County, New York, includes a car wash and the provision of car maintenance services, including oil changes.

15. Plaintiff Jose Luis Perez worked for Defendant between January 2005 and March 2005.

16. Plaintiff and others similarly situated regularly worked more than forty hours in a single work week.

17. Plaintiff and others similarly situated were never paid overtime at a rate of time and one-half of their regular hourly wages during work weeks in which they worked more than forty hours.

18. Plaintiff and others similarly situated regularly worked more than ten hours per day for Defendants.

19. The spread of hours from the start to the finish of the work days of Plaintiff and others similarly situated regularly exceeded ten hours.

20. Defendant failed to pay Plaintiff and others similarly situated an extra hour of pay at the basic minimum hourly wage rate before allowances on any day when their spread of hours exceeded ten hours.

21. Defendant failed to pay Plaintiff for every hour that he worked, as reflected in the paystubs provided to Plaintiff. As a result, Defendant failed to pay Plaintiff at

least the state and federal minimum wage for every hour worked.

22. Defendant promised to pay Plaintiff Jose Luis Perez a commission or payment of $5.00 per car for each oil change he performed. In reliance on this promise, Plaintiff changed the oil of many cars during his employment by Defendant.

23. Defendant never paid Plaintiff the promised payment of $5.00 per car for each oil change.

24. The aforementioned failure of Defendant to pay Plaintiff and others similarly situated as required by the FLSA and New York Labor Law was willful.

25. Defendant is likely to employ Plaintiff and other class members in the future.

26. During the course of their employment, the Plaintiff and others similarly situated worked on items that were produced for movement in interstate commerce.

27. Defendant operated an enterprise engaged in commerce or in the production of goods for commence within the meaning of the FLSA.

28. Defendant undertook all of the actions and omissions alleged above either directly or through its agents who were authorized to undertake such actions and omissions.

## Class action allegations

29. Plaintiff brings the claim set forth in Claim II for himself and on behalf of all persons who worked for Defendant between October 1999 and the entry of judgment in this case.

30. For the purpose of injunctive relief, the class includes workers who will in the future be employed by Defendant at Defendant's operations.

31. Defendant has acted or refused to act on grounds generally applicable to class members with respect to the claims set forth in Claim II, thereby making final injunctive relief or corresponding declaratory relief applicable to the class appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

32. The members of the Plaintiff class are so numerous and so geographically dispersed as to make joinder impracticable. The precise number of individuals in the class is known only to the Defendant.

33. The relatively small size of the individual claims and the indigency of the class members makes the maintenance of separate actions by each class member economically infeasible.

34. There are questions of law and fact common to the class. These common questions of law and fact include, but are not limited to, whether Defendant failed to pay overtime and other wages as required by law.

35. The claims of the Plaintiff are typical of those of the class members. Defendant's violations of New York Labor Law as alleged in Claim II deprived class members of the protections guaranteed them under those statutes.

36. The Plaintiff will fairly and adequately represent the interests of the class. The Plaintiff's interests are in no way antagonistic or adverse to those of the other class members.

37. Plaintiff's counsel are experienced in conducting class actions in federal court. The Plaintiff's counsel are prepared to advance the costs necessary to vigorously litigate this action.

38. The questions of law or fact common to the class as set forth in Claim II predominate over any questions affecting only individual members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

39. With regard to the claim set forth in Claim II, the class members have no appreciable interest in individually controlling the prosecution of separate actions and no class members have already commenced litigation concerning this controversy.

40. It is desirable to concentrate litigation of all of the claims encompassed in Claim II before this Court. This matter can be effectively managed as a class action.

## Causes of Action

### I. Fair Labor Standards Act (Representative Action Claim)

41. The Plaintiff realleges and incorporate by reference the allegations set forth in paragraphs 1 through 41 as if set forth fully here.

42. Plaintiff Jose Luis Perez represents additional similarly-situated employees o Defendant who suffered violations of the FLSA minimum wage and overtime provisions and who will be joined collectively to this action pursuant to 29 U.S.C. § 216(b).

43. The named Plaintiff consents in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiff's written consent is attached hereto and is incorporated by reference.

44. Defendant willfully failed to pay overtime wages to Plaintiff and others similarly

situated in violation of the Fair Labor Standards Act, 29 U.S.C. §207 *et seq.* and its implementing regulations.

45. Defendant willfully failed to pay the federal minimum wage of $5.15 per hour to Plaintiff and others similarly situated. This failure violated the Fair Labor Standards Act, 29 U.S.C. § 206 and its implementing regulations.

46. Defendant also violated the FLSA by failing to keep records as required by statute, 29 U.S.C. § 211(c).

47. The Plaintiff and others similarly situated are entitled to their unpaid wages, plus an additional equal amount in liquidated damages, as a consequence of Defendant's unlawful actions and omissions, in accordance with 29 U.S.C. § 216(b).

48. The Plaintiff and others similarly situated are also entitled to costs of Court, pursuant to 29 U.S.C. § 216(b).

49. Plaintiff and others similarly situated also seek, and are entitled to, the attorneys fees incurred by their counsel, pursuant to 29 U.S.C. § 216(b).

II. <u>New York Labor Law (Class Claim)</u>

50. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 50 as if set forth fully here.

51. Defendant failed to pay overtime wages to Plaintiff and others similarly situated in violation of New York Labor Law Article 19 and its implementing regulations, 12 NYCRR § 142-2.2 *et seq.*

52. Defendant paid the Plaintiff and others similarly situated less than the state-

mandated minimum wage, thus violating the New York Labor Law §§ 652 and 670 et seq.

53. Defendant failed to pay Plaintiff and others similarly situated an extra hour of pay at the basic minimum hourly wage rate before allowances for every day when their work days from start to finish was longer than ten hours. This failure violates New York Labor Law §§ 160 *et seq.* and §§ 190 *et seq.* and New York State Department of Labor regulations, including N.Y.C.R.R. § 142-2.4.

54. Defendant's failure to pay the required wages as set forth above was willful within the meaning of the New York Labor Law, § 681.

55. Plaintiff and others similarly situated are entitled to their unpaid overtime wages, unpaid minimum wages, and unpaid spread-of-hours wages, plus an additional amount as liquidated damages, as a consequence of the Defendant's unlawful actions and omissions, in accordance with New York Labor Law § 681(1).

56. Plaintiff and others similarly situated also seek, and are entitled to, the attorneys fees incurred by their counsel.

III. New York Contract Law (Individual Claim)

57. Plaintiff reallages and incorporates by reference the allegations set forth in paragraphs 1 through 57 as if set forth fully here.

58. Plaintiff performed work for Defendant based on Defendant's promise to pay $5.00 per car for every oil change Plaintiff performed. Defendant failed to make the $5.00 payments as promised. By failing to comply with its promise, Defendant breached its contract with the Plaintiff.

59. As a result of the Defendant's breach, Plaintiff suffered damages.

WHEREFORE, Plaintiff requests that this Court enter an Order:

    a. Assuming jurisdiction over this action;

    b. Certifying this cause as a class action in accordance with Fed. RR. Civ. P. 23(a), 23(b)(2), and 23(b)(3).

    c. Declaring that Defendant violated the Fair Labor Standards Act and New York Labor Law;

    d. Permanently enjoining Defendant from further violations of the FLSA and New York Labor Law;

    e. Granting judgment to Plaintiff and others similarly situated on their FLSA claims and awarding to each his or her unpaid overtime and other wages and an equal amount in liquidated damages;

    f. Granting judgment to Plaintiff and others similarly situated on their New York Labor Law claims and awarding to each their unpaid overtime and other wages as well as liquidated damages as provided for by statute;

    g. Granting judgment in favor of Plaintiff on his breach of contract claim and awarding Plaintiff damages for this breach;

    h. Awarding Plaintiff and others similarly situated prejudgment and postjudgment interest as allowed by law;

    i. Awarding the Plaintiff and others similarly situated their costs and reasonable attorneys' fees; and

j.  Granting such further relief as the Court finds just.

Dated:   Kingston, New York
         October 18, 2005

>   Respectfully Submitted,
>
>   WORKERS' RIGHTS LAW CENTER OF
>   NEW YORK, INC.
>
>   By: _____
>   Patricia C. Kakalec (PK-8452)
>   tkakalec@wnylc.com
>   Daniel Werner (DW-9986)
>   dwerner@wnylc.com
>   101 Hurley Avenue, Suite 5
>   Kingston, NY 12401
>   (845) 331-6615 (tel.);  (845) 331-6617 (fax)
>
>   Attorneys for Plaintiffs

## CONSENTAMIENTO PARA ACCION FLSA

Estoy de acuerdo y doy my consentimiento para ser demandante en un juicio bajo las leyes del tiempo extra, mantenimiento de antecendentes/archivos y/o sueldo mínimo del Acto de Normas de Labor Justas respeto con mi trabajo con la siguiente companía/organización/persona:

Newburgh Auto Spa, Inc.
_____
Nombre del Demandado

x _____ *[signed]*
Firma del Demandante

Jose Luis Perez
_____
Nombre del Demandante

06-10-05
_____
Fecha

## NOTICE OF CONSENT

I hereby agree and consent to be a party plaintiff in a lawsuit under the overtime, recordkeeping, and/or minimum wage provisions of the Fair Labor Standards Act with respect to my labor with the following party:

Newburgh Auto Spa, Inc.
_____
Name of Defendant


_____
Plaintiff's Signature

Jose Luis Perez
_____
Plaintiff's Name


_____
Date

Translator's Certificate:
My name is Patricia Kakalec. I read, write, and speak both Spanish and English. I attest that the above paragraph entitled "Consentamiento Para Accion FLSA" is an accurate and faithful translation of the above paragraph entitled "Notice of Consent."
Dated: Kingston, NY
October 14, 2005                    *[signed] Patricia C. Kakalec*